U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EBONI D. PALMER,                       §
                                       §
            Plaintiff,                 §
                                       §
VS.                                    §   NO. 4:13-CV-187-A
                                       §
WELLS FARGO BANK, ET AL.,              §
                                       §
            Defendants.                §

MEMORANDUM OPINION
and
ORDER

Now before the court is a document titled "Amended Action to Quiet Title" ("Amended Action"), filed in the above action by plaintiff, Eboni D. Palmer.  The court concludes that this action should be dismissed, for the reasons set forth below.

I.

Background

Plaintiff initiated this action by filing her original petition in the District Court of Tarrant County, 236th Judicial District, naming as defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Federal Home Loan Mortgage Corporation ("Freddie Mac").  Following removal of the case to this court, the court on March 18, 2013, ordered plaintiff to file an amended complaint that complied with Rule 8(a), Rule 10, and if applicable, Rule 9 of the Federal Rules of Civil Procedure.  The March 18, 2013

order also explained that a complaint in federal court must plead facts showing that the plaintiff has a plausible right to relief, as discussed by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The order cautioned plaintiff that failure to comply could result in the dismissal of her claims without further notice.

Upon plaintiff's failure to file the amended complaint, the court ordered her to show cause why her complaint should not be dismissed, as the court had cautioned in the March 18, 2013 order.  Plaintiff's counsel filed a response, explaining that plaintiff had terminated his services shortly after receiving the March 18, 2013 order, and also asked for permission to withdraw from representing plaintiff.  Included in the body of the response was an amended complaint.  The court on April 15, 2013 granted the motion to withdraw, but informed plaintiff that the Federal Rules of Civil Procedure did not provide for incorporating a complaint into another document such as a response to a show cause order.  Thus, in the April 15, 2013 order, the court also ordered plaintiff by 4:00 p.m. on April 30, 2013, to file an amended complaint that complied with the Federal Rules of Civil Procedure, as explained in the March 18, 2013 order, and also ordered plaintiff to file a document providing her current home address and any current telephone number and

2

electronic mail address.

On May 2, 2013, plaintiff filed the instant Amended Action, adding as defendants "Barrett Daffin Frappier Turner & Engle LLP Associates Its Agents, Assigns and/or Successors in Interest it's Affiants' and U.S. Person of Interest" ("Barrett Daffin"), and "Jack O'Boyle Its Agents, Assigns and/or Successors in Interest its, Affiants and U.S. persons of interest (person, firms corporations and political entities)" ("O'Boyle"). Am. Action at 1 (errors in original). Included with the Amended Action, purportedly as exhibits, was a nearly two-inch-thick set of documents, filed loose-leaf without binding, tabs, page numbering, or any other attempt made to organize the papers in a useable fashion. Having now considered the Amended Action, the court concludes that it fails to state a claim upon which relief may be granted as to any defendant, and should be dismissed.[1]

## II.

### Applicable Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

---

[1]The court would ordinarily have ordered the Amended Action unfiled, as the court does not accept for filing large volumes of unbound, unsecured papers such as the Amended Action and its exhibits. Additionally, plaintiff failed to comply with the court's order directing her to file her amended complaint by 4:00 p.m. on April 30, 2013, and failed to file the paper providing the court with her current home address and any telephone number or email address. Such failures to comply with the April 15, 2013 order would constitute separate grounds for dismissing this action. However, the court need not consider those matters, as the Amended Action failed to state any claim or cause of action against any party.

of the claim showing that the pleader is entitled to relief,"
Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests,
Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis
omitted). Although a complaint need not contain detailed factual
allegations, the "showing" contemplated by Rule 8 requires the
plaintiff to do more than simply allege legal conclusions or
recite the elements of a cause of action.  Id. at 555 & n.3.
Thus, while a court must accept all of the factual allegations in
the complaint as true, it need not credit bare legal conclusions
that are unsupported by any factual underpinnings.  See Ashcroft
v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can
provide the framework of a complaint, they must be supported by
factual allegations.")

     Moreover, to survive dismissal for failure to state a claim,
the facts pleaded must allow the court to infer that the
plaintiff's right to relief is plausible.  Id. at 678.  To allege
a plausible right to relief, the facts pleaded must suggest
liability; allegations that are merely consistent with unlawful
conduct are insufficient.  Twombly, 550 U.S. at 566-69.
"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  Iqbal, 556 U.S. at 679.

The court has the inherent authority to dismiss a complaint on its own motion for failure to state a claim.  See Carroll v. Fort James Corp., 470 F.3d 1171, 1176-77 (5th Cir. 2006); Shawnee Int'l, N.V. v. Hondo Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984).  The Fifth Circuit has held that a district court can dismiss an action sua sponte as long as the procedure employed is fair, and has suggested that fairness in this context involves notice of the court's intention to dismiss and an opportunity to respond.  Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 643 (5th Cir. 2007).  However, even if the court fails to provide notice to the plaintiff prior to dismissing the action, the dismissal is appropriate if the plaintiff has alleged his "best case" and dismissal is otherwise proper.  Id.  "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."  Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

III.

Application of the Standards to Plaintiff's Amended Action

The court finds that the Amended Action falls far short of the required pleading standards as to any of the defendants and should be dismissed in its entirety.

In the Amended Action plaintiff contends that she is the owner of property located on Gary Lane in Fort Worth, Texas.

Plaintiff also alleges that defendants are not holders of the "authentic original unaltered Promissory Note," Am. Action at 2, she denies the validity of her signature on a photocopy of the note, and asks that the original be produced.  Plaintiff also maintains that defendants are in violation of a "Consent Judgment" in case number 1:12-cv-00361-RMC, filed in the District of Columbia.  Id.

The problem for plaintiff is that the Amended Action fails to allege any facts to support any of her conclusory assertions. For example, no facts are alleged to support the allegation that Wells Fargo and Freddie Mac violated "numerous sections of the Statutes at Large."  Am. Action at 2.  Although plaintiff "challenges the debt instrument that gave rise to the lien instrument," id., no facts are alleged to explain the basis of this statement.  Plaintiff also contends that defendants violated the Consent Judgment in case number 1:12-cv-361-RMC; however, the Amended Action includes no facts as to the nature of the purported violations, nor does it allege how any such violations pertain to anything in the instant suit.

The Amended Action refers to Wells Fargo and Freddie Mac in one sentence, but otherwise refers only to "Respondent" or "Respondents," with no clear indication to whom she is referring. Although added as defendants, Barrett Daffin and O'Boyle are never mentioned in the body of the Amended Action.  The remainder

of the Amended Action is comprised of similar legal conclusions lacking any supporting factual allegations. The Amended Action also fails to identify the claims or causes of action plaintiff is attempting to assert against any of the defendants.

Plaintiff is now appearing <u>pro se</u>, and the court is giving her every benefit of the doubt in construing her pleadings. However, even <u>pro se</u> plaintiffs must plead sufficient facts to give a defendant fair notice of the claims against it. Here, plaintiff has provided nothing more than the type of bare legal conclusions, unsupported by any factual underpinnings, that fail to state a claim for relief. <u>Iqbal</u>, 556 U.S. at 679.

The court recognizes that generally a <u>pro se</u> party would be afforded an opportunity to respond or to amend her complaint prior to the court's <u>sua sponte</u> dismissal. <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). Such an action is unnecessary, however, where it appears the plaintiff has alleged "his best case." <u>Id.</u>

Here, plaintiff filed her initial complaint in state court, and was given an opportunity to amend her complaint following removal of the action to federal court. In the order directing plaintiff to file an amended complaint, the court reminded plaintiff of the requirements of the applicable Federal Rules of Civil Procedure, as well as directed plaintiff to Supreme Court authority discussing pleading requirements necessary to state a

claim for relief.  Given the lack of any factual allegations in

the Amended Action, as well as the lack of any asserted claims or

causes of action, the court can think of nothing plaintiff could

argue, given the opportunity to respond to the court's intention

to <u>sua sponte</u> dismiss, to demonstrate that she has alleged

sufficient facts to state a claim for relief against any of the

defendants.  Accordingly, the court can see nothing to be gained

by providing plaintiff an opportunity to respond or to file yet

another amended complaint.

IV.

<u>Order.</u>

Therefore,

The court ORDERS that all claims and causes of action

purportedly brought by plaintiff, Eboni D. Palmer, against

defendants, Wells Fargo, Freddie Mac, Barrett Daffin, and

O'Boyle, be, and are hereby, dismissed with prejudice.

SIGNED May 6, 2013.

JOHN McBRYDE
United States District Judge